Alan H. Weinreb, Esq.
MARGOLIN, WEINREB & NIERER, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
AVENTURA LENDING LLC
                                    Plaintiff,

            -against-                                    VERIFIED COMPLAINT

THE HERMES HIPPIE LLC, LOLA GUSMAN,
THE ONE GRAND ARMY PLAZA CONDOMINIUM,
                        Defendant(s).
--------------------------------------------------------------X

Plaintiff, Aventura Lending LLC ("Aventura Lending" or "Plaintiff"), by and through its attorneys, Margolin, Weinreb & Nierer, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants The Hermes Hippie LLC, Lola Gusman and The One Grand Army Plaza Condominium (the "Defendants"), respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.  This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 1 Grand Army Plaza, Unit 4F, Brooklyn, New York 11238 known on the Kings County Tax Map as Block 1172 and Lot 1129 (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2.   Aventura Lending LLC is a single-member limited liability company. Aventura Lending LLC's sole member is Consolidated Industries LLC. Consolidated Industries LLC is a two-member limited liability company, whose members, Burton Zaunbrecher and Gregory Campo, are each a citizen of the United States and domiciled of the State of Louisiana. For the purposes of diversity, Aventura Lending LLC is a citizen of the State of Louisiana.

3.   The Hermes Hippie LLC, upon information and belief, is single-member limited liability company, whose sole member is Lola Gusman. Lola Gusman's address, upon information and belief, is 1 Grand Army Plaza, Unit 4F, Brooklyn, New York 11238. For the purposes of diversity, The Hermes Hippie LLC is a citizen of New York. The Hermes Hippie LLC is a necessary party defendant to this action by virtue of the fact that it (i) is the borrower of the loan; (ii) is the Mortgagor under the Mortgage; and (iii) is the owner of the subject property.

4.   Lola Gusman, upon information and belief, is a resident and citizen of the State of New York, having an address at 1 Grand Army Plaza, Unit 4F, Brooklyn, New York 11238. Lola Gusman is a necessary party defendant to this action by virtue of the fact that she executed a Guaranty of Payment wherein she personally guaranteed payment on the Note and Mortgage.

5.   The One Grand Army Plaza Condominium, upon information and belief, is a corporation organized under the laws of the State of New York, with its principal place of business at 1 Grand Army Plaza, Brooklyn, New York 11238. It is is a party defendant to this action by virtue of it being a lienor for unpaid homeowners' assessments against the borrower and/or property, which is subordinate to Plaintiff's mortgage. See Condominium Lien at Exhibit

"D". For diversity purposes, The One Grand Army Plaza Condominium, is a citizen of New York.

6.   Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7.   This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

8.   Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

9.   This action is brought to foreclose a Mortgage made by The Hermes Hippie LLC in the amount of $2,560,000.00, dated July 12, 2022, to Lending Assets LLC to secure the sum of $2,560,000.00 and interest, recorded in CRFN: 2022000305770 in the Kings County Clerk's Office on August 2, 2022. Said lien covers the premises known as 1 Grand Army Plaza, Unit 4F, Brooklyn, New York 11238. A copy of the Mortgage is annexed as Exhibit "B".

10.   On July 12, 2022, The Hermes Hippie LLC executed and delivered a Note to Lending Assets LLC in the amount of $2,560,000.00. Also on July 12, 2022, Lola Gusman executed a Guaranty of Payment wherein she personally guaranteed payment on the Note and Mortgage. A copy of the Note with Allonge and Guaranty of Payment are annexed as Exhibit "C".

11.   Any applicable recording tax was duly paid at the time of recording said mentioned Mortgage.

12.   Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

13.   Hermes Hippie LLC has failed to comply with the terms and provisions of said Mortgage and said instruments secured by the Mortgage and is in default thereof, by failing to pay the common charges imposed by The One Grand Army Plaza Condominium due against the Subject Premises pursuant to Section 21 of the Mortgage, and the default continues to date. Additionally, the loan matured on July 31, 2023.

14.   Pursuant to the Loan Documents, prior notices of default were not required. Pursuant to Real Property Actions and Proceedings Law ("RPAPL") Section §1304(1), 90-day Notices were not required as this is not a residential home loan, but a commercial loan.

15.   Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

16.   Plaintiff is in compliance with Section Nine-X of the New York State banking law, if applicable.

17.   Due to the above-described default, Defendants The Hermes Hippie LLC and Lola Gusman, are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

a.   The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of July 31, 2023, amounts to $2,714,800.00:

b.  Attorney's fees and other costs and disbursements, payable to Aventura Lending LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

c.  Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

18.  Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

a.  Any state of facts that an inspection of the premises would disclose.

b.  Any state of facts that an accurate survey of the premises would show.

c.  Covenants, restrictions, easements and public utility agreements of record, if any.

d.  Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

e.  Any right of tenants or person in possession of the subject premises.

f.  Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

g.  Prior lien(s) of record, if any.

19.  In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

20.   Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

21.   No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises  may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendants The Hermes Hippie LLC and Lola Gusman, may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the

Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated:  August 1, 2023
        Syosset, New York

                        Yours, etc.
                        Margolin, Weinreb & Nierer, LLP
                        Attorneys for Plaintiff


                        By: */s/ Alan H. Weinreb*
                            Alan H. Weinreb, Esq.

## **<u>VERIFICATION BY ATTORNEY</u>**

    **ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: August 1, 2023
       Syosset, New York

                */s/ Alan H. Weinreb*
               **ALAN H. WEINREB**